UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TRISTIAN BUMATAY NILLO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY<br><br>Defendant. | No.  2:26-cv-02376-CSK<br><br><br>ORDER<br><br>(ECF No. 2) |

Presently pending before the Court is Plaintiff Tristian Bumatay Nillo's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).[1] (ECF No. 2.)

In order to commence a civil action, along with the complaint, a plaintiff must either pay the $405.00 filing fee or file an application requesting leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the

---

[1]  Actions involving review of Social Security decisions are referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. L.R. 302(c)(15).

1

commencement of an action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.,* 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

Plaintiff's affidavit does not adequately support a conclusion that Plaintiff was unable to pay the court costs and still afford the necessities of life when Plaintiff filed this suit. At that time, Plaintiff disclosed he is earning $4,200 a month in military disability income. While Plaintiff alleges he has less than $1,000 in savings, he owns a home valued at $900,000 and owns two cars: a 2013 Audi A7 valued at $7,000 and a 2017 G63 Mercedes valued at $60,000. Plaintiff lists his daughter, aged 10, as a dependent, but does not list any expenses. While 28 U.S.C. § 1915(a) does not require a litigant to demonstrate "absolute destitution," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a).

Plaintiff does not make an adequate showing of indigency for in forma pauperis status. Plaintiff will be granted 30 days in which to submit the filing fee and administrative fee to the Clerk of the Court. Plaintiff is cautioned that failure to pay the court costs or file a renewed affidavit will result in a recommendation that the application to proceed in forma pauperis be denied and the present action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that, within thirty (30) days from the date of this order, Plaintiff shall submit the appropriate filing fee or a renewed affidavit to proceed without prepayment of fees.

Dated:  July 9, 2026

7, buma.2376.26.ifp denial

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

2